12 F.3d 1103
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES OF AMERICA, Appellee,
v.
William E. SMITH, Appellant.
 No. 93-2579.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 8, 1993.
Filed: December 6, 1993.
 
 Before JOHN R. GIBSON, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 William Smith appeals the 57-month sentence imposed by the district court[1] after he pleaded guilty to knowingly possessing with the intent to distribute cocaine base, in violation of 21 U.S.C. Sec. 841(a)(1). We affirm.
 
 
 2
 According to the PSR, Smith and a minor were selling crack cocaine. The PSR noted Smith grew up in the projects with the pressures of drugs all around him, he sold crack to provide for his mother and family, Smith had been shot in his teens in a gang-related incident, and his mother fatally shot his father as Smith watched when he was five years old. The PSR indicated a base offense level of 26 and a three-level reduction for acceptance of responsibility. The ensuing total offense level of 23, combined with Smith's criminal history category of III, resulted in a sentencing range of 57 to 71 months. In his objections to the PSR, Smith asked for a downward departure pursuant to 18 U.S.C. Sec. 3553(b) and U.S.S.G. Sec. 5K2.0 for mitigating circumstances not adequately considered by the Sentencing Commission, and pursuant to U.S.S.G. Secs. 5H1.1 to 5H1.6.
 
 
 3
 At sentencing, Smith argued that U.S.S.G Sec. 5H1.12, enacted in 1992 and providing that courts may not depart for youthful lack of guidance, conflicts with 18 U.S.C. Secs. 3553 and 3661. Smith asked the court to invalidate Sec. 5H1.12, or alternatively, to depart based on the other Sec. 5H1 factors, such as age, education, mental and physical condition, employment record, and family responsibilities. Counsel noted Smith was nineteen years old when he committed this offense, he had little education, his mental condition was poor, and he was surrounded by violence, poverty and drugs. Counsel asserted this was an atypical case.
 
 
 4
 The court declined to depart because the court did not have discretion to do so, and because, sadly enough, this was not an atypical case. The court sentenced Smith at the low end of the guidelines range based on the Sec. 5H1 factors: 57 months imprisonment and five years supervised release.
 
 
 5
 Section 3553(a)(1) provides that "in determining the particular sentence to be imposed, [the court] shall consider ... the history and characteristics of the defendant." Section 3661 provides that:
 
 
 6
 No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.
 
 
 7
 Smith argues that the guidelines as a whole (as they were authorized under 28 U.S.C. Sec. 994(d)) violate the above statutes. In particular, he argues that Sec. 5H1.12, which provides that "[l]ack of guidance as a youth and similar circumstances indicating a disadvantaged upbringing are not relevant grounds for imposing a sentence outside the applicable guideline range," must be invalidated under these statutes.
 
 
 8
 The argument has been made unsuccessfully before in this circuit in the context of U.S.S.G. Sec. 5K1.1 departures. In United States v. Kelley, 956 F.2d 748 (8th Cir. 1992) (en banc), we rejected the argument that the requirement of a Sec. 5K1.1 motion violates Sec. 3661 by limiting information the court can consider about a defendant's background, character, and conduct. We stated "this objection is groundless since the sentencing court can consider substantial assistance in sentencing within the guidelines range." Id. at 757 n.11. By analogy, a court can consider youthful lack of guidance when sentencing within the guidelines range. The Ninth Circuit similarly resolved the conflict among Sec. 3661, Sec. 994(d), and other Sec. 5H1 factors, noting these statutes and sections "may be reconciled by limiting consideration of offender characteristics to adjustments within the guidelines range, and allowing departures from this range for offender characteristics only in extraordinary circumstances." United States v. Boshell, 952 F.2d 1101, 1106-07 (9th Cir. 1991). See also United States v. Fairman, 947 F.2d 1479, 1482 (11th Cir. 1991), cert. denied, 112 S. Ct. 1503 (1992). Here, the district court considered Smith's youthful lack of guidance, in addition to other relevant Sec. 5H1 factors, when sentencing him to the lowest possible sentence within his guidelines range.
 
 
 9
 As to Smith's alternative claim that the district court did not address other Sec. 5H1 factors, it is clear that the court did not consider this an atypical or extraordinary case which merited departure, and the circumstances which Smith urged warranted departure were "not things which enable [the court] to go below the guidelines."
 
 
 10
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Warren K. Urbom, Senior United States District Judge for the District of Nebraska